UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF NEW YORK

**NOTICE OF RELATED CASES**

**Related cases defined** - A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning the cases to the same judge and magistrate judge.

Application is made to the District Court requesting that the case of :

CNY Fair Housing, et. al v. Clover Construction Mgt., et. al (5:22-cv-00278-GTS-ATB)

which was randomly assigned to the Honorable Glenn T. Suddaby, be reassigned

to the Honorable Brenda K. Sannes based on the following reasons.  Please

note that General Order 12, Section G(5) discusses related cases and should be referenced prior

to filing this notice.

    Plaintiffs seek to relate CNY Fair Housing v. Clover Group (Case No. 5:21-cv-00361-BKS-ML) and CNY Fair Housing v. Clover Construction Mgt.(5:22-cv-00278-GTS-ATB)
    The two matters have significant overlap in the legal and factual issues raised. In the first filed matter, Plaintiffs allege that Defendants' practices and policies at a host of their apartment complexes in three states have the purpose and effect of discriminating on the basis of disability in violation of federal and state fair housing laws by, inter alia, denying people with disabilities reserved or accessible parking spaces near rental units or charging a fee for a designated space. In the second filed matter, Plaintiffs allege that Defendants' design and construction of their apartment complexes, including their parking areas, violate the federal and state fair housing laws' requirements regarding accessibility of the complexes. Resolution of the fair housing claims in both matters will require legal interpretation of the requirements regarding accessibility of parking spaces and the availability of parking spaces. Facts related to these claims will be common between the cases because most of the complexes where Plaintiffs allege fair housing violations are the same in the two matters.
    The cases also have significant overlap of parties with five fair housing organization plaintiffs as parties in both cases and the majority of Clover Group-related owners and managers of the properties as parties in both cases. Counsel for Plaintiffs and for the Clover Group-related Defendants are also common between the two matters.
    Finally, all parties in both cases have agreed to mediate the two cases together and intend to participate in a global mediation according to the mediation schedule ordered by Magistrate Judge Lovric in the first-filed matter.

Pursuant to Section G(5) of General Order 12, I have conferred in good faith with all other parties in an effort to reach an agreement on whether or not the case is related.

☑ All parties are in agreement

☐ Parties do not agree and opposition will be filed. After such application is made, any other party may serve and file within seven (7) calendar days a letter of no more than two pages supporting or opposing the application.

Submitted by: Reed N. Colfax

Attorney for: CNY Fair Housing, Inc., et. al          Date: April 15, 2022